**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NELSON D. MARTINEZ,

        Plaintiff,

v.

RICK D. DIXON, et al.,

        Case No. 3:26-cv-1058-WWB-LLL

        Defendants.

_____

## <u>ORDER</u>

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1) and a request to proceed as a pauper (Doc. 2).  Plaintiff appears to name the following eight Defendants[1]: (1) Rick D. Dixon, Secretary Florida Department of Corrections; (2) T.C. Mangrum, food service; (3) Lieutenant S. Harris; (4) Colonel C. Dube; (5) Centurion Medical Services, Inc.; (6) Wellpath; and (7) Florida Department of Corrections.  (*See* Doc. 1 at 1, 2–3).  Plaintiff alleges that on April 14, 2021, he was subjected to excessive use of force and subsequently denied medical care.  (*Id.* at 4, 5–6).

Under the Prison Litigation Reform Act ("**PLRA**"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6), courts apply the same standard in both

---

[1] Plaintiff lists different Defendants in his case caption than those listed in Section I.B. of the Complaint.

contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); s*ee also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Id.*

Usually, the statute of limitations is an affirmative defense. In an action proceeding under § 1983, however, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). "Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir. 1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.* Because the

2

Florida statute of limitations for personal injury cases is four years, the applicable statute of limitations in this case is also four years.  Fla. Stat. § 95.11.

Plaintiff's complaint is subject to dismissal.  To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  *See Bingham*, 654 F.3d at 1175 (alteration in original).  Here, Plaintiff fails to allege sufficient facts to connect any Defendant to an alleged violation of his constitutional rights.  His allegations are conclusory, amounting to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and do not provide Defendants with "adequate notice of the claims against them and the grounds upon which each claim rests," *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

While courts shall generally give a plaintiff leave to amend "[w]here a more carefully drafted complaint might state a claim," the court need not do so where the amendment would be futile.  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  In this case, the Court need not grant leave to amend because Plaintiff's claims are barred by the four-year statute of limitations.  Plaintiff complains of alleged violations that occurred in April 2021.  (*See* Doc. 1 at 4, 5).  Plaintiff's complaint, however, was not filed until April 23, 2026, approximately five years after the dates of the alleged violations.[2]

---

[2] Plaintiff admittedly initiated a case based on the same underlying facts in 2023 and thus, was aware of his injury with sufficient time to initiate a cause of action in a timely fashion.  *See Martinez v. Sgt. Miller, et al.*, Case No. 4:23-cv-185-MW-MAF (N.D. Fla. May 8, 2023).

Consequently, it is apparent from the face of the complaint that it is barred by the statute of limitations, and the complaint is subject to dismissal.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 9, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12

C:    Nelson D. Martinez, #C09439

4